FILED
MAY 14 2012
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEITH L. WRIGHT, | * | CIV 11-3032-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | OPINION AND ORDER |
| THE UNITED STATES OF AMERICA, | * | GRANTING LEAVE TO |
| OSCAR RAMIREZ, Special Agent | * | PROCEED IN FORMA |
| F.B.I.; BRENDAN JOHNSON, United | * | PAUPERIS AND |
| States Attorney; ERIC KELDERMAN, | * | DISMISSING COMPLAINT |
| United States Attorney; MARK | * | |
| MORENO, Magistrate Judge; | * | |
| VERONICA L. DUFFY, Magistrate | * | |
| Judge; U.S. MARSHAL SERVICE; | * | |
| KAREN E. SCHREIER, Chief United | * | |
| States District Judge; and CHARLES B. | * | |
| KORNMANN, United States District | * | |
| Judge, | * | |
| | * | |
| Defendants. | * | |

Keith L. Wright ("Wright") filed a pro se action listing himself and others who appear to be family members as plaintiffs. Wright is serving a life prison sentence after a jury found him guilty of seven counts of aggravated sexual abuse of a child. U.S. v. Wright, CR 06-30026, Doc. 86, 94. Wright named as Defendants the United States of America, United States Marshal's Service, and individuals from United States Attorney's Office, federal judiciary, and Federal Bureau of Investigation who were involved in aspects of his federal criminal case.

Wright's claims are set forth in what he calls a "Precipe for Summons," an "Injunctive Order," a "Term of Agreement," and a document that he sent to the Attorney General of the State of South Dakota proclaiming that he is a sovereign with rights under the Treaty of Fort Laramie of 1868. The gravamen of Wright's claims is the following:

> Plaintiff is a Sovereign by Birth in the State of South [D]akota and as a Right which the Tribe should have known to be a violation of the - 1868 Pact - Under the "Bad-Man Clause" among the Whitemen who do any wrong to any Sovereign Indian who falls within the Tribal Law.

Doc. 1, p. 4 of 5. Wright has filed a motion to proceed without prepayment of fees and declaration as well. Doc. 4; Doc. 5.

## I. Facts

Wright was convicted and sentenced in CR 06-30026. The Court takes judicial notice of the filings in that case. Such matters may be judicially noticed because they are "generally known" within this Court's jurisdiction and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

In United States v. Wright, CR 06-30026, Wright was charged in an indictment and superseding indictment with violations of 18 U.S.C. § § 1153, 2241(c), and 2246(2). United States v. Wright, CR 06-30026, at Doc. 43. The Honorable Charles B. Kornmann initially was assigned to the case, but the case was transferred to the Honorable Chief Judge Karen E. Schreier on October 27, 2006. Id. at Doc. 58. Chief Judge Schreier conducted a jury trial, resulting in a guilty verdict on seven counts of aggravated sexual abuse of a child. Id. at Doc. 86. On June 1, 2007, Wright was sentenced to a term of life on each of the counts, to run concurrently, and Chief Judge Schreier entered a Judgment and Commitment on June 5, 2007. Id. at Doc. 94. Wright filed two notices of appeals to the United States Court of Appeals for the Eighth Circuit. Id. at Doc. 96, 107.

On appeal, the United States Court of Appeals for the Eighth Circuit considered various claims that Wright made and affirmed the conviction. Id. at Doc. 111, 112. Wright petitioned the Eighth Circuit for rehearing en banc, which petition was denied. Id. at Doc. 114. Wright

then petitioned the Supreme Court of the United States for writ of certiorari, which the Supreme Court denied. Id. at Doc. 119, 123.

Wright then filed a post-conviction challenge in the district court to his conviction. Id. at Doc. 122. That claim included a challenge to the jurisdiction over him. On June 25, 2009, Chief Judge Schreier notified Wright that she would characterize the pleading as a claim for relief under 28 U.S.C. § 2255. Id. at Doc. 124. Chief Judge Schreier notified Wright of the ramifications that this characterization of the pleading would have on subsequent pleadings, and directed Wright to withdraw or amend his motion to include all possible claims under § 2255. Id. Wright did not amend or withdraw his motion.

Wright's § 2255 case proceeded as CIV 09-3017. This Court takes judicial notice of the filings in that case as well under Rule 201 of the Federal Rules of Evidence. Chief Judge Schreier assigned the § 2255 case to United States Magistrate Judge Veronica L. Duffy for a report and recommendation. On October 15, 2009, Judge Duffy issued her Report and Recommendation. Wright v. United States, CIV 09-3017, Doc. 3. The Report and Recommendation included an analysis of why Wright's claim that there was a lack of jurisdiction over him failed. Id. The Report and Recommendation recommended denial of Wright's § 2255 claim. Id. Chief Judge Schreier adopted the Report and Recommendation. Id. at Doc. 27.

Wright's current action challenges federal jurisdiction over him and invokes the bad men clause of the Treaty of Fort Laramie of 1868. Wright has named as Defendants the four federal judges who were involved in his previous cases, the current United States Attorney for the District of South Dakota, and an assistant United States Attorney who was involved in his prior cases, as well as a special agent of the Federal Bureau of Investigation. Wright purports to bring the action on behalf of not only himself, but also for other individuals.

3

## II. Discussion

### A. Liberal Construction of Pro Se Complaint

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "[A]lthough liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, and is instead based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; Abdullah v. Minnesota, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must contain facts that state a claim as a matter of law and must not be conclusory. Id. Broad and conclusory statements unsupported by factual allegations are not sufficient. Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d

4

912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id. "[T]o state a claim for relief under § 1983, a plaintiff must allege facts sufficient to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

This Court is obliged to "screen" prisoner complaints that seek redress from governmental entities or employees. 28 U.S.C. § 1915A. This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Before considering whether Wright's claim survives under the requisite screening under Section 1915A, this Court considers the petition to proceed in forma pauperis.

### B. In Forma Pauperis Status

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under Section 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Wright's motion to proceed without payment of fees and declaration (Doc. 4) and his prisoner trust account report (Doc. 5) reveal that he is indigent. This Court will grant the motion to proceed in forma pauperis.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Wright's application represents that he has no funds whatsoever, including no funds in his inmate trust account. Under Section 1915(b)(4), no prisoner shall be prohibited from bringing a civil action by reason of the prisoner having no assets and no means to make an initial partial filing fee. Wright is obligated to pay the filing fee regardless of whether this Court allows or dismisses this action. In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

## C. Wright's Claim on Behalf of Others

Because Wright is not an attorney, he is not permitted to file lawsuits on behalf of other individuals. See Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (non-lawyer has no right to represent another entity in federal court); see also Lattanzio v. COMTA, 481 F.3d 137, 139 (2nd Cir. 2007) (28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves"); Restatement (Third) of the Law Governing Lawyers § 4 (2000) ("In general, however, a person appearing pro se cannot represent any other person or entity, no

matter how close the degree of kinship, ownership, or other relationship"). Accordingly, this Court will construe Wright's Complaint as asserting only claims on his behalf.

### D. Successive Habeas Claim

When Wright previously filed a post-conviction challenge to federal jurisdiction over him, Chief Judge Schreier recharacterized the pleading as one for habeas relief under 28 U.S.C. § 2255, advised Wright of the restrictions on subsequent habeas petitions under 28 U.S.C. § 2255(h), and permitted Wright to withdraw or amend to include all claims possible under § 2255. United States v. Wright, CR 06-30026, Doc. 124. Wright did not withdraw his motion or amend his claims, and proceeded with a claim that there was no jurisdiction over him. Wright's § 2255 petition for relief was denied. Wright v. United States, CIV 09-3017, Doc. 27.

Under 28 U.S.C. § 2255(h), a second or a successive petition must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense;" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Wright has not met this requirement, and his petition is subject to dismissal on this basis alone.

### E. Claim Under Fort Laramie Treaty of 1868

Although this Court does not need to reach the merits of Wright's claims, this Court has had cause, on a number of previous occasions, to address the misapprehension that Native American Indians are exempted from enforcement of criminal laws under that treaty. That misapprehension stems from a misinterpretation of the "bad men" clause of the treaty. The "bad men" clause provides that:

7

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . .

Art. I, paragraph 3, Treaty of Ft. Laramie of 1868. Wright does not specify what treaty rights he believes Defendants violated and does not plead any facts in support of his assertion that his "Indian rights" were violated.

The "bad men" clause does not exempt Native American Indians from being held responsible for violation of federal law. Congress, in passing the Major Crimes Act, "intended full implementation of federal criminal jurisdiction in those situations to which the Major Crimes Act extended." United States v. Jacobs, 638 F.3d 567, 569 (8th Cir. 2011). Wright's misinterpretation of the "bad men" clause of the Fort Laramie Treaty of 1868 is at odds with the Major Crimes Act. While Native Americans have good reason in a historical sense to question how the United States chose to honor or dishonor the Fort Laramie Treaty of 1868, the "bad men" clause and the treaty itself does not render Wright a separate sovereign immune from prosecution for violation of federal criminal law.

### F. Judicial and Prosecutorial Immunity

Wright has named as Defendants two federal district court judges and two United States magistrate judges who had involvement in his prior cases. The doctrine of judicial immunity is well-established. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11

8

(1991) (per curiam). "A judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." Childs v. Reynoldson, 777 F.2d 1305, 1306 (8th Cir. 1985) (internal citations omitted).

The federal district court judges and magistrate judges had subject matter jurisdiction over Wright due to the fact that his crime occurred in Indian Country and Wright is a Native American. 18 U.S.C. § 1153(a); United States v. Jones, 440 F. 3d 927, 929 (8th Cir. 2006). In the subsequent § 2255 case, the judges had jurisdiction under 28 U.S.C. § 2255 to rule on the motions and other filings made by Wright. The Treaty of Fort Laramie of 1868 does not deprive the federal court of subject matter jurisdiction. The judges named by Wright are immune from suit.

The federal prosecutors, likewise, are immune from suit under the circumstances of this case. The Supreme Court of the United States held in Imbler v. Pachtman, 424 U.S. 409, 431 (1976) that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996), cert. denied, 519 U.S. 867 (1996). Conversely, a prosecutor is entitled only to qualified immunity when he pursues actions in an "investigatory" or "administrative" capacity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). In determining whether the actions of the prosecutor fit within the absolute or qualified immunity standard, the Supreme Court has adopted a functional approach that looks to "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988).

There is nothing in Wright's allegations relating to the prosecutors acting in an investigatory or administrative capacity. Rather, the naming of the prosecutors by Wright appears to relate to his contention that there is an absence of federal jurisdiction over him and that somehow he is his own unique sovereign entity.

As for the claims against the United States Marshal's Service and the agent of the Federal Bureau of Investigation, Wright's pleadings do not elaborate on what they allegedly did improperly. For all of the reasons explained above, no plausible cause of action is maintainable against them.

## III. Conclusion

Therefore, it is hereby

ORDERED that Wright's Motion to Proceed Without Prepayment of Fees and Declaration (Doc. 4) is granted. It is further

ORDERED that the institution having custody of Wright is hereby directed that whenever the amount in Wright's trust account exceeds $10.00, monthly payments that equal twenty (20) percent of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 225 South Pierre Street, Pierre, South Dakota 57501, pursuant to 28 U.S.C. § 1915(b)(2), until Wright has paid the $350.00 filing fee in full. It is further

ORDERED that all claims against all Defendants are dismissed.

Dated May 14, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE